NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIE ZHANG,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 15-72407<br><br>Agency No. A087-848-639<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: SILER,[***] THOMAS, and CALLAHAN, Circuit Judges.

Jie Zhang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his applications for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny Zhang's petition.

Zhang argues that the BIA erred in upholding the immigration judge's ("IJ") adverse credibility finding. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The BIA affirmed the IJ's adverse credibility determination based on three instances of implausible testimony and several instances of inconsistent testimony. First, the IJ found it implausible that Chinese authorities would have denied Zhang's request to have a second child, citing a 2013 Human Rights Report on China indicating that "the death of the first child generally allows the parents to receive another birth permit," and the fact that Zhang had never provided a reasonable explanation for the alleged denial. Second, given Zhang's testimony that he had been beaten at the public security bureau and threatened with sterilization if he continued to cause problems at the Family Planning Office ("FPO"), the IJ found Zhang's testimony that he subsequently and repeatedly returned to the FPO requesting a birth permit to be implausible. Third, the IJ did

not find Zhang's testimony that he came to the United States to have more children with his wife plausible given that Zhang's wife has never joined him in the United States.

The IJ also noted discrepancies between Zhang's testimony regarding the dates during which he and his wife lived at a particular residence and the Chinese household register data. In addition, there were inconsistencies in the record about when Zhang's wife found out she was pregnant with a second child, who informed the FPO of the second pregnancy, and when they informed the FPO. The IJ pointed out there was also a discrepancy regarding the date on which a supervisor at the FPO spoke with Zhang about the forced abortion procedure that Zhang's wife would have to undergo. Finally, there was a discrepancy between Zhang's hearing testimony and his responses during his asylum interview regarding the number of times he was kicked and punched while being interrogated at the public security bureau.

On balance, "based on the totality of the circumstances and all relevant factors," these numerous examples of implausible and inconsistent testimony constitute substantial evidence supporting the BIA's affirmance of the adverse credibility determination. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quotations omitted); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) ("[E]ven minor inconsistencies may have a legitimate impact on a

petitioner's credibility."). While Zhang provides reasons why he believes the IJ should have deemed certain of his testimony plausible and attempts to reconcile some of the inconsistencies identified by the IJ, Zhang's briefing does not address several of the grounds on which the IJ relied, such as the implausible testimony regarding Zhang's repeated trips to the FPO after being threatened with sterilization and the fact that his wife never joined him in the United States. Further, the IJ did not err by admitting and considering the notes prepared by an asylum officer at Zhang's asylum interview, as the notes bore sufficient indicia of reliability to be used to impeach Zhang's testimony. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005). Zhang has thus failed to meet his burden to show that the record compels the conclusion that he testified truthfully. *See* 8 U.S.C. § 1252(b)(4)(B).

The petition for review is **DENIED**.